IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                          )
                                                )   Case No.11-19283
MIDWESTERN EQUITIES, LLC,                       )   Chapter 11
an Illinois Limited Liability Company,          )   Judge Wedoff
                                                )
          Debtor.                               )

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 26th day of February, 2013 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in the room usually occupied by him as courtroom 744 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS    )
                     )
COUNTY OF COOK       )

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on the 25th day of January 2013 and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 25th day of January, 2013.

/s/David K. Welch

## SERVICE LIST

United States Trustee *
219 S. Dearborn, #873
Chicago, IL 60604

Jason T. Rodriguez
Higier Allen & Lautin, P.C.
5057 Keller Springs Rd., Suite 600
Addison, TX 75001

Jill L. Nicholson, Esq.
Joanne Lee, Esq.
Foley & Lardner LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654

Colleen E. McManus
Much Shelist, et al.,
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606

A Supherb Floor, Inc.
1627 St. Louis Ave.
Fort Wayne, IN 46819

A-1 Sanitary Sewer
PO Box 15551
Fort Wayne, IN 46885

American Electric Power
Customer Solutions Center
110 East Wallace Street, 7th Fl.
Fort Wayne, IN 46801

Chuhak & Tecson, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606

City Utilities
1 E. Main Street, Suite 122
Fort Wayne, IN 46802

Gardenview Apts, LLC
5345 N. Clinton Street
Fort Wayne, IN 46826

Home Appliance Leasing
1242 Fairfield Ave.
Fort Wayne, IN 46802

Isaac Perry
8836 Hempford Drive
Fort Wayne, IN 46819

Lowe's Commercial Services
401 Elkin Highway
North Wilkesboro, NC 28659

National Serv-All
6231 Macbeth Road
Forty Wayne, IN 46809

Orkin Pest control
3835 Superior Ridge Drive
Fort Wayne, IN 46808

Pitney Bowes, Inc.
PO Box 371874
Pittsburgh, PA 15250-7874

Porter Paints
2510 Independence Drive
Fort Wayne, IN 46808

Snow & Sauerteig, LLP
203 East Berry Street
Suite 1310
Fort Wayne, IN 46802

Sprint
PO Box 4181
Carol Stream, IL 60197-4181

Tel Assist
6417 W. 8th Street, Suite 3
Oak Lawn, IL 60453

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Kenmore Realty Group, LLC,<br>an Illinois Limited Liability Company,<br>Debtor/Debtor-in-Possession. | ) ) ) | Case No. 10-55868 |
| In re: Joseph Junkovic,<br>Debtor/Debtor-in-Possession. | ) ) | Case No. 10-55888 |
| In re: Tom Junkovic,<br>Debtor/Debtor-in-Possession. | ) ) | Case No. 10-55896 |
| In re: Maria Junkovic,<br>Debtor/Debtor-in-Possession. | ) ) | Case No. 10-55902 |
| In re: MFJT, LLC,<br>an Illinois Limited Liability Company,<br>Debtor/Debtor-in-Possession. | ) ) ) | Case No.11-11819 |
| In re: Mokena Corp.,<br>an Illinois corporation,<br>Debtor/Debtor-in-Possession. | ) ) ) | Case No. 11-11820 |
| In re: Garden Apts., LLC,<br>an Indiana Limited Liability Company,<br>Debtor/Debtor-in-Possession. | ) ) ) | Case No. 11-19271 |
| In re: Midwestern Equities, LLC,<br>an Illinois Limited Liability Company<br>Debtor/Debtor-in-Possession. | ) ) ) | Case No. 11-19283<br>Chapter 11 Cases<br>Judge Eugene R. Wedoff |

**NOTICE OF HEARING ON MOTIONS FOR ALLOWANCE OF FINAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTORS' COUNSEL**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on January 25, 2013, David K. Welch and the law firm of Crane,

Heyman, Simon, Welch & Clar, counsel for the above referenced Debtors, filed Motions for Allowance of

Final Compensation and Reimbursement of Expenses (the "CHSWC Motions"), requesting the following

attorneys' fees and expenses:

| Debtor | Fees | Expenses | Period |
|---|---|---|---|
| Kenmore Realty Group, LLC<br>Joseph Junkovic<br>Tom Junkovic<br>Maria Junkovic (Combined) | $178,447.50 | $9,393.16 | 12/15/10-10/9/12 |
| MFJT, LLC | $145,838.50 | $2,266.01 | 3/16/11-10/9/12 |
| Mokena Corp. | $85,517.50 | $2,063.78 | 3/16/11-10/9/12 |
| Garden Apts., LLC | $131,248.00 | $2,765.98 | 4/27/11-10/9/12 |

1

| Midwestern Equities, LLC | $40,272.00 | $1,517.74 | 5/2/11-10/9/12 |

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motions, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **20th day of February, 2013**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motions, together with objections timely filed, if any, will be held before the Honorable Eugene R. Wedoff, Bankruptcy Judge, Courtroom No. 744, 219 South Dearborn Street, Chicago, Illinois, on the **26th day of February, 2013**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: January 25, 2013

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 - FAX: (312) 641-7114
W:\GRACE\Junkovic Cases 2nd Amnd Plan\fee.CHSWC.notice.COMBINED.wpd

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )   Case No.11-19283
MIDWESTERN EQUITIES, LLC,                 )   Chapter 11
an Illinois Limited Liability Company,    )   Judge Wedoff
                                          )
            Debtor.                       )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:  <u>June 14, 2011</u>  (Retroactive to May 5, 2011)

Period for Which Compensation
is Sought:  From: <u>May 2, 2011</u>  through <u>October 9, 2012</u>

Amount of Fees Sought: <u>$40,272.00</u>

Amount of Expense
Reimbursement Sought:  <u>$1,517.74</u>

This is a(n):  Interim Application ___   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee
applications:

|  | | Total Requested | |
| Date Filed | Period Covered | (Fees and Expenses) | Total Allowed |
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses
herein is: $11,039.00 as a pre-petition retainer to be applied to any final compensation allowed by this Court.

Date: January 25, 2013

                                        David K. Welch and the firm

                          Applicant:    <u>Crane, Heyman, Simon, Welch & Clar</u>


                          By: <u>/s/David K. Welch</u>
                               Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-19283 |
| MIDWESTERN EQUITIES, LLC, | ) | Chapter 11 |
| an Illinois Limited Liability Company, | ) | Judge Wedoff |
| | ) | |
| Debtor. | ) | |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND
## REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"),

Counsel to Midwestern Equities, LLC, Debtor herein, make their Motion pursuant to Section 330

of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses

for legal services rendered and expenses incurred during the period May 2, 2011, through

October 9, 2012; and in support thereof, state as follows:

## Introduction

1.      On May 5, 2011, the Debtor filed its voluntary petition for relief under

Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      The Debtor operated its business and managed its financial affairs as Debtor-in-

Possession through confirmation of its Second Amended Plan of Reorganization ("Plan"). No

trustee, examiner or committee of unsecured creditors was appointed to serve in this

reorganization case.

3.      On June 14, 2011 this Court entered an Order authorizing the Debtor to retain

CHSWC as its Counsel in this Chapter 11 case retroactive to May 5, 2011, with compensation

subject to the further Order of this Court.

-1-

4.     By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $40,272.00 and $1,517.74, respectively, for legal services rendered to the Debtor during the period May 2, 2011, through October 9, 2012. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5.     CHSWC has not received any prior allowances of interim compensation and expenses in this Chapter 11 case. The pre-petition retainer of $11,039.00 received by CHSWC will be applied by CHSWC to any allowance of final compensation and expenses awarded by this Court.

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7.     The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code and Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

**Relevant Factual Background**

8.     The Debtor is an Illinois limited liability company that was formed for the purpose of owning the membership interests in Indiana Equity Investments, LLC ("Indiana Equity").

9.     In order to facilitate the acquisition of Brendonwood Apartments and Autumnwoods Apartments by Indiana Equity, the Debtor entered into a mezzanine loan with Arbor Realty SR, Inc. ("Arbor") for the original principal amount of approximately

$3,900,000.00 ("Mezzanine Loan"). The collateral for the Mezzanine Loan is the Debtor's

membership interests in Indiana Equity. All of the payments to Arbor on account of the

Mezzanine Loan to the Debtor were made from funds of Indiana Equity.

10.     This Chapter 11 case is related to the following seven (7) other Chapter 11

cases which are pending in this Court ("Related Debtors" or "Related Cases"):

| DEBTOR | CASE NUMBER | FILING DATE |
|--------|-------------|-------------|
| Tom Junkovic | 10-55896 | 12/20/10 |
| Maria Junkovic | 10-55902 | 12/20/10 |
| Joseph Junkovic | 10-55888 | 12/20/10 |
| Kenmore Realty Group, Ltd. | 10-55868 | 12/20/10 |
| MFJT, LLC | 11-11819 | 3/22/11 |
| Mokena Corp. | 11-11820 | 3/22/11 |
| Garden APTS., LLC | 11-19271 | 5/5/11 |

11.     On September 30, 2011, the Debtor filed a Joint Plan of Reorganization

and supporting Joint Disclosure Statement with the Related Debtors. Thereafter, on December

19, 2011, the Debtor filed a First Amended Joint Plan of Reorganization and First Amended

Disclosure Statement with the Related Debtors. Finally, on September 6, 2012, the Debtor filed a

Second Amended Plan of Reorganization ("Plan") and Second Amended Disclosure Statement

("Disclosure Statement").

12.     Under the Plan, the Debtor and the Related Debtors proposed a joint

reorganization that provided for, among other things, the substantive consolidation of the Debtor

and Related Debtors for Plan purposes. Several creditors originally objected to confirmation of

the Plan. Eventually, all such objections were settled and resolved.

13.    On December 20, 2011, this Court entered an Order pursuant to Section

1125 of the Bankruptcy Code approving the Disclosure Statement.  On October 17, 2012, this

Court entered an order confirming the Plan.

14.    Other events occurred during the course of this Chapter 11 case which are

detailed later in this Motion.

**Final Compensation**
**and Expenses Requested**

15.    CHSWC is  a law firm whose practice is almost exclusively concentrated in

the fields of bankruptcy, reorganization and insolvency.  CHSWC is comprised of five (5)

members, one (1) associate and two (2) "of counsel" attorneys, some of whom have participated

in representing the Debtor in this bankruptcy case.

16.    The following is biographical information pertaining to those attorneys who

have been primarily involved in the representation of the Debtor.  Other attorneys at CHSWC

have also participated to a lesser extent in this Chapter 11 case.  Each such attorney has

significant experience and expertise in bankruptcy, reorganization and litigation matters.

17.    DAVID K. WELCH is a member of the law firm and has been practicing

law in the State of Illinois since 1982.  His practice has always been primarily concentrated in

the fields of bankruptcy, insolvency and debtor's and creditor's rights.  He has represented

debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity

holders.  From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in

the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee.  He has authored

manuscripts for the Illinois Institute of Continuing Legal Education on matters involving

bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the

Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-

Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial

mediation and negotiation training, he has completed a course sponsored by the National

Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of

the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for

the Seventh and Third Circuits, and before the United States District Courts for the Northern and

Central Districts of Illinois, the Northern District of Indiana and the Eastern District of

Wisconsin. He is a member of several other bar associations and legal organizations. He was

formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison

with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former

Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a

former member of the Advisory Board of the American Bankruptcy Institute, and is the former

Vice Chair of the Bankruptcy Court Liaison Committee.

18.    ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon,

Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola

University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state

courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the

United States District Courts for the Northern and Central Districts of Illinois, the Eastern

District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial

Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy

and insolvency litigation and has represented virtually every type of party in such matters,

including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors'

committees.  His activities have included membership in the Chicago Bar Association

Committee on Bankruptcy and Reorganization.  He has served as the Editor of the Advance

Sheets provided by said Committee.  In that capacity, he reported the rulings and opinions of the

Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of

the Chicago Bar Association.  He served for several years on the Commercial, Banking and

Bankruptcy Section Council of the Illinois State Bar Association for whom he has published

several articles, and also served on the General Assembly of that Association.

19.    SCOTT R. CLAR is a member of the law firm of Crane, Heyman, Simon, Welch

& Clar, and has been a practicing attorney in the State of Illinois since 1982.  He has been

primarily responsible for the representation of the Debtor in this case.  From January, 1985,

through September, 1986, he was employed as a staff attorney with the United States Trustee's

Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as

well as supervised Chapter 7 panel trustees.  From September, 1986, through December, 1987,

he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice

in the areas of bankruptcy and insolvency related matters.  In January 1988, he became

associated with Dannen, Crane, Heyman & Simon, predecessor to CHSWC, and became a

partner in 1994.  His practice is concentrated in the field of bankruptcy, having represented

Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and various

creditors.  Mr. Clar has been a panel member and a moderator for several bar association-

-6-

sponsored bankruptcy seminars. He is a member of the Federal Trial Bar. He is a former

Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization.

20. JEFFREY C. DAN is a member of the law firm and has been practicing law in the

State of Illinois since 1997. He graduated from DePaul University School of Law. He has

practiced as a trial attorney in a number of areas of the law including personal injury, domestic

relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002

and has been actively involved in all aspects of bankruptcy litigation as well as State Court

litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States

Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District

Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the

Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

21. The hourly rates usually charged by CHSWC in matters of this nature are

as follows:

| Attorney | Hourly Rates |
|---|---|
| Eugene Crane (EC)[1] | $495.00 |
| Glenn R. Heyman (GRH) | $495.00 |
| Arthur G. Simon (AGS) | $480.00 |
| David K. Welch (DKW) | $480.00 |
| Scott R. Clar (SRC) | $480.00 |
| Jeffrey C. Dan (JCD) | $405.00 |
| John H. Redfield (JHR) | $380.00 |
| Thomas W. Goedert | $425.00 |

22. The following is a chart that depicts the total hours that each attorney at

CHSWC expended in representing the Debtor during the relevant period:

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 24.40 | $11,712.00 |
| David K. Welch | 59.50 | $28,560.00 |
| **Total** | **83.90** | **$40,272.00** |

23.    During the course of the representation of the Debtor during the relevant

period, CHSWC incurred expenses of $1,517.71.  These expenses are itemized on **Exhibit B** to

this Motion.

**Legal Services Rendered to the Debtor**

24.    The representation of the Debtor is categorized in this Motion as follows:

A.    **General Administration**
The matters in this category include assisting the Debtor with the
general administration of this bankruptcy case and the Debtor's
business operations and financial affairs, filing routine motions and
filing professionals' fee applications and retention motions.  Also
included in this category are legal services related to the
preparation of bankruptcy schedules and assisting the Debtor with
its  monthly operating reports and responding to general creditor
inquiries.

| Total Time Expended | | **12.90 hours** |
|---------------------|--|-----------------|

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 2.70 | $1,296.00 |
| David K. Welch | 10.20 | $4,896.00 |
| **TOTAL** | **12.90** | **$6,192.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this
category.

B)    **Chapter 11 Filing**

The preparation and organization implemented by CHSWC
to accomplish the filing of this Chapter 11 case required more
than the typical effort associated with the commencement of a
reorganization proceeding.  CHSWC was able to complete the
filing of this Chapter 11 case swiftly and efficiently.

**Total Time Expended**                                    **6.60 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 3.60 | $1,728.00 |
| David K. Welch | 3.00 | $1,440.00 |
| **TOTAL** | **6.60** | **$3,168.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

    C)    **Lender Issues**

CHSWC reviewed and analyzed Arbor's loan documents and advised the Debtor accordingly. No cash collateral issues exist with respect to Arbor.

**Total Time Expended**                                    **10.90 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 1.40 | $ 672.00 |
| David K. Welch | 9.50 | $4,560.00 |
| **TOTAL** | **10.90** | **$5,232.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

    D)    **Chapter 11 Exit Strategy**

The Debtor promptly filed its original Plan of Reorganization and supporting Disclosure Statement. Thereafter, the Debtor filed the First Amended Plan of Reorganization and First Amended Disclosure Statement followed by the Second Amended Plan of Reorganization which were supported by numerous creditor constituencies. However, other creditors objected to the Plan. The Plan had several unique provisions including substantive consolidation and property surrenders. Eventually, all Plan objections were settled and resolved. This Court approved the Amended Disclosure Statement and confirmed the Plan.

**Total Time Expended**                                    **53.50 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 17.20 | $ 8,256.00 |
| David K. Welch | 36.30 | $17,424.00 |
| **TOTAL** | **53.50** | **$25,680.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

**Conclusion**

25.    Other than as provided in Section 504(b) of the Bankruptcy Code,

CHSWC  has not shared, nor agreed to share, any compensation received as a result of this case

with any person, firm or entity.

26.    CHSWC asserts that the compensation requested in this Motion is

reasonable compensation for the actual and necessary legal services rendered based upon the

time, nature, extent and value of such professional services.  CHSWC further asserts that the cost

of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar

services in matters other than under the Bankruptcy Code.

27.    CHSWC asserts that the expenses for which reimbursement is sought in

this Motion are reasonable and were actual and necessary expenditures required in the

representation of the Debtor.

28.    CHSWC submits that the compensation and expenses requested are fair,

reasonable and warranted under the circumstances.

-10-

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, pray for the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $40,272.00 and $1,517.74, respectively; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By:___/s/David K. Welch_____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.(Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 - FAX: (312) 641-7114
W:\GRACE\Junkovic Cases 2nd Amnd Plan\Midwestern-Pay CHSWC.No.1.mot.wpd